# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**MORGAN K. OSBORNE,**

       **Opposer,**

                                                **No. 18-mc-32 JCH**

**v.**

**GOOGLE INC.,**

       **Applicant.**

## MEMORANDUM OPINION AND ORDER

On November 13, 2018, Morgan K. Osborne ("Osborne") filed a "Notice to the Court & Request for Corrective Action by the Court Concerning a Subpoena from Applicant Federal Rules of Civil Procedure Rule 45(a)(2)" (ECF No. 2) (hereinafter "Notice"). Google, Inc., ("Google") filed a "Response in Opposition to Mr. Morgan K. Osborne's Request for Corrective Action" (ECF No. 3). In reply, Osborne filed a "Response in Support of Motion" (ECF No. 7). The Court, having considered the Notice, Google's response, Osborne's response in support, the evidence, the applicable law, and otherwise being fully advised, concludes that Osborne's request for corrective action should be denied.

    **I.**      **BACKGROUND**

On March 4, 2016, Google filed a U.S. trademark application with the United States Patent and Trademark Office ("PTO") for an animated motion trademark in which the GOOGLE mark transforms into a series of colors and then back to the GOOGLE mark. Focarino Decl. ¶ 2, ECF No. 3-1. Osborne is the owner of U.S. Registration No. 4,941,027, a mark consisting of a series of four colored dots enclosed by gray lines (hereinafter "Osborne mark"). *See* Focarino Decl. ¶¶ 6-7

& Ex. C, ECF No. 3-1. On February 14, 2017, Osborne filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") against the application to register the GOOGLE motion mark, asserting that the GOOGLE motion mark is likely to cause confusion with the Osborne mark. *Id.* ¶ 4 & Ex. B, ECF No. 3-1. On March 27, 2017, Google asserted a counterclaim in the Opposition seeking cancellation of Osborne's registration for the Osborne mark, arguing that it is not entitled to registration because the mark was not in use in U.S. interstate commerce at the time Osborne filed a Statement of Use with the PTO and because the Osborne mark is functional in nature and cannot serve as a trademark. Focarino Decl. ¶¶ 8-9 & Ex. D, ECF No. 3-1. As part of the discovery in the case, Google requested documents regarding whether Osborne has made bona fide use of the Osborne mark in interstate commerce. *See* Focarino Decl. ¶¶ 10-12 & Ex. E-F, ECF No. 3-1.

In an initial disclosure Osborne served, Osborne identified The Mobile Observatory Project as a customer/witness. *See* Focarino Decl. ¶ 13 & Ex. G, ECF No. 3-1. Per a request by Google, on November 7, 2018, a deputy clerk of this Court signed a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (hereinafter "Subpoena"). *See* Subpoena, ECF No. 1. The Subpoena commanded The Mobile Observatory Project c/o Ben Davidson & Kat Davidson to produce documents described in Exhibit A on November 21, 2018 10:00 am. *Id.* As relevant here, Exhibit A described the OSBORNE DESIGN MARK as "OPPOSER's *alleged trademark* cited in the ACTION and identified in U.S. Registration No. 4,941,027." *See* "Exhibit A Document Subpoena", ECF No. 3-1 at 38 of 49 (italics added). Exhibit A also stated in the "Document Requests" section that Google wanted certain documents "sufficient to show" certain information, for example, "DOCUMENTS

*sufficient to show* YOUR relationship to OPPOSER, including copies of any contracts, agreements, ….." *Id.*, ECF No. 3-1 at 39 of 49 (italics added).

On November 7, 2018 at 3:38 pm EST, Brian Focarino, counsel for Google, sent an email to Osborne stating: "Please see the attached notice regarding subpoenas to be served today." *See id.* ¶¶ 1, 15-16, & Ex. H, ECF No. 3-1. The email had as an attachment a copy of the Subpoena. *See* Focarino Decl. ¶¶ 15-16 & Ex. H, ECF No. 3-1. Service of the Subpoena on The Mobile Observatory Project occurred on November 7, 2018 at 6:00 pm EST (4:00 pm MST). *See* Focarino Decl. ¶ 17-18 & Ex. I, ECF No. 3-1.

On November 13, 2018, Osborne filed the Notice at issue here seeking corrective action for alleged violations of Federal Rule of Civil Procedure 45(a)(2). Osborne contends that Google, Inc. ("Google") did not give Osborne the required "notice and a copy" of the subpoena before it served it on the person to whom it was directed, as required by Rule 45(a)(2). Osborne also asserts that Google made misrepresentations in the subpoena when it (i) described the OSBORNE DESIGN MARK as an "alleged trademark" when it is an officially registered trademark with the United States Patent & Trademark Office, and (ii) used the term "sufficient to show" in Document Subpoena Nos. 1, 3, 4, 7, 8, 9, 10, and 11, which Osborne argues "has misled the third-party (recipient of the subpoena) to believe that its responses must be 'sufficient' in some way to Applicant's Counsel bias or expectations rather than simply responsive to a demand for production." Notice 2, ECF No. 2.

**II.   LAW**

Section 24 of Title 35 of the United States Code states:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

35 U.S.C. § 24. Rule 45(a)(4) provides: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The intent of Rule 45(a)(4) is "to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials." Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment.

Osborne received notice by email on November 7, 2018 at 3:38 pm EST, prior to service of the Subpoena on The Mobile Observatory Project the same day at 6:00 pm EST. Although the notice was a mere hours before service of the Subpoena, the notice nonetheless occurred before service, and Osborne received notice of the Subpoena well in advance of the November 21, 2018 10:00 a.m. production date with enough time to object to the Subpoena prior to the date set forth in the Subpoena. Accordingly, the Court finds that Osborne received notice under Rule 45(a)(4) to satisfy the purpose of the rule and will not quash the Subpoena. *Compare Butler v. Biocore Medical Technologies, Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003) ("Further, the 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena. For an objection to be reasonably possible, notice must be given well in advance of the production date….We therefore agree that Rule 45(b)(1) requires notice to be given prior to service of a subpoena."); *Kemper v. Equity Ins. Co.*, 1:15-cv-2961-TCB, 2016 WL 7428215, at *6 (N.D. Ga. April 29, 2016) ("The Court agrees

with the latter approach given the plain language of the rule, which expressly provides that notice must be served on the other parties 'before [the subpoena] is served on the person to whom it is directed.' Fed. R. Civ. P. 45. But Kemper does not cite to any cases requiring a specific amount of notice to comply with Rule 45, and the Rule does not specify the amount of notice that is required. It simply requires advance notice, and the record indicates that Equity provided this."); *with Florida Media, Inc. v. World Publications, LLC*, 236 F.R.D. 693, 694-95 (M.D. Fla. 2006) ("For an objection to be reasonably possible, notice must be given well in advance of the production date. This Court rules that 'prior notice' to other parties is satisfied when notice is given simultaneously with the service of the subpoena.") (internal quotations and citation omitted).

Additionally, the Court finds that the language of the Subpoena was not misleading by referring to the Osborne mark as an "alleged" mark or by requesting certain enumerated documents that are "sufficient to show" specific information. Nor does the use of "alleged" mark infuse bias warranting corrective action. Although Exhibit A referred to "alleged mark," it also noted the Osborne mark was "identified in U.S. Registration No. 4,941,027."

**IT IS THEREFORE ORDERED** that Osborne's Notice to the Court & Request for Corrective Action by the Court Concerning a Subpoena from Applicant Federal Rules of Civil Procedure Rule 45(a)(2) (**ECF No. 2**) is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**